UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON RICHARD EIDAM,

    Plaintiff,

v.

ANGELE JAMES, *et al.*,

    Defendants,
_____/

Case No. 1:21-CV-11579
Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING THE COMPLAINT IN PART**

Before the Court is Plaintiff Jason Richard Eidam's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff was formerly incarcerated at the Cotton Correctional Facility in Jackson, Michigan but has since been discharged from custody and is residing in Mabank, Texas. The Complaint will be dismissed in part.[1]

**I.**

Plaintiff was allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff originally filed his case in the United States District Court for the Western District of Michigan. That court dismissed the Michigan Department of Corrections and Heidi Washington, Director of the Michigan Department of Corrections, as Defendants before transferring the remainder of the case to this district.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612. Although Plaintiff has now been released from prison, the screening provisions of the Prison Litigation Reform Act of 1995 ( "PLRA"), apply to non-prisoners as well as prisoners. *Id.* at 608.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

**II.**

Plaintiff alleges that he was denied medical care for prostate and urinary problems by Defendant Angele James, a nurse at the Cotton Correctional Facility. ECF No. 1 at PageID.3. Plaintiff claims that Defendant James and other medical personnel informed him that they could

only see emergency cases because of the ongoing COVID-19 Pandemic. *Id.* Plaintiff filed a grievance with grievance coordinator and Defendant McCumber-Henry, which was denied. ECF No. 1 at PageID.4. Plaintiff claims that the denial of medical care violated his Eighth Amendment right against cruel and unusual punishment. He seeks monetary damages as relief. *Id*.

**III.**

**A.**

The Complaint must be dismissed against Defendant Nagy, the warden at the Cotton Correctional Facility, because other than in conclusory terms, Plaintiff has not alleged any personal involvement on the part of the warden with the alleged unconstitutional deprivation.

A supervisory official like Defendant Nagy cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002) (*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

Defendant Nagy is not liable under § 1983 in his supervisory capacity for the alleged violation of Plaintiff's rights because Plaintiff has not alleged that he committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

**B.**

Plaintiff is also not entitled to relief on his claim that Defendant McCumber-Henry wrongly denied his administrative grievance. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d at 576 (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also Walker v. Michigan Dept. of Corrections,* 128 F. App'x. 441, 445 (6th Cir. 2005) (state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure).

In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x. at 407(citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *see also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009) (internal citations omitted). Accordingly, Defendant McCumber-Henry will be dismissed because there is no allegation that he denied Plaintiff medical treatment.

IV.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED IN PART WITH PREJUDICE**. Defendants Noah Nagy and McCumber-Henry are **DISMISSED**. Plaintiff's claim against Defendant Angele James remains.

Dated: July 16, 2021                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge